IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY E. HAMM                                                                          PLAINTIFF

v.                             CIVIL NO. 17-5002

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                             DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Mary E. Hamm, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claim supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on January 21, 2015, alleging an inability to work since December 15, 2012, due to back problems, heart problems, chronic obstructive pulmonary disease (COPD), knee problems and Rheumatoid arthritis. (Tr. 80, 201). An administrative hearing was held on November 30, 2015, at which Plaintiff appeared with counsel and testified. (Tr. 32-59).

By written decision dated January 20, 2016, the ALJ found Plaintiff was not disabled prior to November 11, 2015, but that Plaintiff became disabled on November 11, 2015, and remained disabled through the date of the decision. (Tr. 16). Specifically, the ALJ found that since December 15, 2012, Plaintiff had the following severe impairments: obesity; lumbar

1

degenerative disc disease with radiculopathy and failed back syndrome; chronic pain syndrome; right greater than left hip bursitis; H pylori and erosive gastritis; hypertension; and (COPD) and/or asthma. (Tr. 18). The ALJ found that beginning on the established onset date of disability, November 11, 2015, Plaintiff had the additional severe impairment of coronary artery disease (CAD) status/post stent placement. (Tr. 18). However, after reviewing all of the evidence presented, the ALJ determined that since December 15, 2012, Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 19). The ALJ found that prior to November 11, 2015, the date Plaintiff became disabled, Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except the need to shift positions in her chair as needed but without leaving the work station; no ladders, roper, or scaffolds; no work at unprotected heights or dangerous moving machinery; no temperature extremes; and only occasional exposure to dust, fumes, or smoke.

(Tr. 19). With the help of a vocational expert, the ALJ found Plaintiff was not disabled prior to November 11, 2015, as she was able to perform work as a cashier II and a marking clerk. (Tr. 24).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on November 28, 2016. (Tr. 1-4). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 6). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 12, 13).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable

mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 2nd day of March 2018.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE